## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARTIN NUNEZ,

      Petitioner,

v.

                                         No. 16-cr-2798 KWR
                                         No. 18-cv-454 KWR/SCY

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Martin Nunez's Motion to Vacate Conviction Under 28 U.S.C. § 2255 (Doc. 50).[1] Nunez asks the Court to vacate his methamphetamine conviction based on, inter alia, ineffective assistance of counsel. Having reviewed the record and federal law, the Court must dismiss the Motion as untimely.

### I. Procedural Background

In 2016, Nunez pled guilty to possession with intent to distribute 500 grams or more of methamphetamine. (Doc. 19). The Court (Hon. Kenneth Gonzales) sentenced him to 108 months imprisonment. (Doc. 27 at 2). Judgment on the conviction and sentence was entered April 11, 2017. *Id.* Nunez did not initially appeal. Therefore, the Judgment became final no later than April 26, 2017, following the expiration of the 14-day appeal period. *See United States v. Prows,* 448 F.3d 1223, 1227-28 (10th Cir. 2006) (conviction becomes final under § 2255 upon expiration of direct appeal period); Fed. R. App. P. 4(b) (federal defendants have fourteen days to appeal a criminal judgment).

Two months later, on June 22, 2017, Nunez filed a direct appeal. (Doc. 28). The Tenth

---

[1] All docket references are to the criminal case, CR No. 16-2798.

Circuit Court of Appeals dismissed the appeal as untimely on March 15, 2018. (Doc. 49). Nunez filed the instant § 2255 proceeding on May 14, 2018. (Doc. 50). He contends he received ineffective assistance of counsel in connection with the plea and that he was sentenced above the guideline range.

The Court screened the § 2255 Motion *sua sponte* under Habeas Corpus Rule 4(b)[2] and determined it was time-barred. By an Order entered June 10, 2019, Nunez was directed to show cause why his Motion should not be dismissed. (Doc. 54). Nunez filed a response, and the matter is fully briefed. (Doc. 55).

## II. Discussion

Habeas corpus motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year period can be extended where:

(1)     The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)     The inmate could not have discovered "the facts supporting the claim ... through the exercise of due diligence." § 2255(f)(4).

Here, the limitation period began to run on April 26, 2017, when the conviction became final. *See Prows,* 448 F.3d at 1227-28. It expired one year later on April 26, 2018, rendering the

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 4(b) mandates *sua sponte* dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record ... that the moving party is not entitled to relief." *Id.*

May 14, 2018 Motion untimely. In his show-cause response, Nunez raises two arguments to overcome the time-bar. First, he contends the one-year period did not begin to run until the Tenth Circuit dismissed his untimely appeal (*i.e.* March 15, 2018). (Doc. 55 at 1-2). However, the Tenth Circuit has repeatedly held that an "untimely notice[] of appeal d[oes] not delay the onset of the limitations period" under § 2255. *United States v. Terrones-Lopez*, 447 Fed. App'x. 882, 884-85 (10th Cir. 2011). *See also United States v. Smith*, 215 F.3d 1338 (10th Cir. 2000) ("[Petitioner] did not pursue her direct appeal within the applicable time limits and her unsuccessful efforts do not toll the statute of limitations" under § 2255).

Nunez also seeks equitable tolling based on his "due diligence and ignorance of the laws." (Doc. 55 at 2). Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Nunez has not identified any circumstances beyond his control, aside from his misunderstanding of the appeal deadline. "[I]ignorance of the law" does not warrant tolling, "even for an incarcerated *pro se* petitioner." *Id.* Nunez therefore cannot overcome the time-bar, and the § 2255 proceeding must be dismissed. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11. Nunez has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would find the time-bar debatable. *See* 28 U.S.C. § 2253(c)(2) (setting forth the standard for granting or denying a certificate of appealability in habeas proceedings); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (same).

Accordingly, **IT IS ORDERED** that Martin Nunez's Motion to Vacate Conviction Under 28 U.S.C. § 2255 is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**; and the Court

will enter a separate judgment closing the civil case.

HON. KEA W. RIGGS
UNITED STATES DISTRICT JUDGE